IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHERRYLL A. PAIRIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION No. H-12-3583 |
| § | |
| WELLS FARGO BANK, N.A., § | |
| § | |
| Defendant. § | |

MEMORANDUM AND ORDER

Pending is Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment and Motion to Dismiss with Prejudice Pursuant to FRCP 12(b)(6) and 9(b) (Document No. 9), supported further by the Declaration of Michael John Dolan (Document No. 10). Plaintiff Cherryll A. Pairis ("Plaintiff") has not filed a response in opposition and the motion is therefore deemed unopposed. Local Rule 7.4.

In her Complaint Plaintiff alleges fraud, wrongful foreclosure due to fraud, wrongful foreclosure due to failure to properly notice, slander of title, promissory estoppel, and unreasonable collection, arising out of Defendant's foreclosure on her house at 11911 Ribbon Falls Drive in Tomball, Texas.[1] She also seeks an accounting, and requests injunctive relief and attorneys' fees and costs. Defendant moves to dismiss Plaintiff's claims under Rule

---

[1] Document No. 1, ex. 2 at 2 (Orig. Cmplt.). Plaintiff purchased the house in August 2010 with financing from 360 Mortgage Group, LLC. Id.

12(b)(6) and on summary judgment, asserting that Plaintiff has failed to state a claim for any of the above causes of action and, furthermore, that the evidence shows her claims lack merit.[2] Moreover, Plaintiff has not responded to Defendant's requests for admission, which are therefore deemed admitted pursuant to Rule 36.[3] *See* FED. R. CIV. P. 36(a)(3); *see also* In re Carney, 258 F.3d 415, 420 (5th Cir. 2001). After carefully considering the motion, the uncontroverted evidence, and applicable law, the Court concludes that Plaintiff's claims should be dismissed.

I. Discussion

A. Summary Judgment Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). A party opposing

---

[2] Because Defendant has presented evidence, which the Court has considered in analyzing the motion, the motion is treated as one for summary judgment. *See* FED. R. CIV. P. 12(d).

[3] Defendant's Requests for Admission were served on Plaintiff's attorney on December 18, 2012. Document No. 9, exs. F, G, & H.

2

a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. Id. "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Id. 56(c)(3).

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993). On the other hand, if "the factfinder could reasonably find in [the nonmovant's]

3

favor, then summary judgment is improper." Id. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

B. Analysis

1. Fraud

Defendant correctly contends that Plaintiff did not plead fraud with the particularly required by Rule 9(b).[4] Although the pleading requirements for Rule 9(b) are case-specific, see Guidry v. Bank of LaPlace, 954 F.2d 278, 288 (5th Cir. 1992), the claimant must allege "'the particulars of time, place, and contents of false representations,' as well as the identity of the person making the misrepresentation and what that person obtained thereby, otherwise referred to as the 'who, what, when, where, and how' of the alleged fraud." United States ex rel. Willard v. Humana Health Plan of Tex., Inc., 336 F.3d 375, 384 (5th Cir. 2003) (citations omitted).

Plaintiff does not specify which of the conduct alleged in the fact section forms the basis of her fraud claim, does not specify who made an allegedly fraudulent statement to her or the content of any such statement, and does not allege that any of the statements

---

[4] Document No. 9 at 6-10.

she does recount were in fact false. Plaintiff has failed to plead fraud with the particularity required by Rule 9(b), and this claim is therefore dismissed.

2.  <u>Wrongful Foreclosure</u>

Plaintiff alleges "wrongful foreclosure due to fraud" and "wrongful foreclosure due to failure to properly notice."[5] "[W]rongful foreclosure due to fraud is not a recognized cause of action under Texas law." <u>Barcenas v. Fed. Home Loan Mortg. Corp.</u>, Civ. A. No. H-12-2466, 2013 WL 286250, at *7 (S.D.Tex. Jan. 24, 2013) (Harmon, J.); see also <u>Casey v. Fed. Home Loan Mortg. Ass'n</u>, Civ. A. No. H-11-3830, 2012 WL 1425138, at *4 (S.D.Tex. April 23, 2012) (Miller, J.).

Plaintiff pleads no facts to support a wrongful foreclosure claim based on failure properly to give notice. Moreover, Plaintiff is deemed to have admitted that, (1) she was in default when Defendant began foreclosure proceedings on the Property, (2) that Defendant provided all required notices of default, (3) that Defendant timely sent a Notice of Acceleration, and (4) that Defendant did not wrongfully foreclose on the property.[6] Plaintiff has not stated a claim for wrongful foreclosure, and the

---

[5] Document No. 1, ex. 2 at 4-5.

[6] Document No. 9, ex. F at Nos. 25, 26, 27, and 37.

uncontroverted evidence shows Defendant is entitled to summary judgment on any such claim. Therefore, this claim is dismissed.

3. <u>Slander of Title</u>

*The elements for* a claim of slander of title are set out in <u>Williams v. Jennings</u>, 755 S.W.2d 874, 879 (Tex. App.—Houston [14th Dist.] 1988, writ denied), and include among other things proof that Defendant made malicious false statements that resulted in the loss of a specific sale. Among other defects, Plaintiff alleges no facts with respect to any attempts by her to sell the property, or of any loss of a specific sale of the property. Likewise, she alleges no facts that question Defendant's security rights in the property. Moreover, the summary judgment evidence includes a notice of assignment from Mortgage Electronic Registration Systems, Inc., the beneficiary under the Deed of Trust, to Defendant.[7] As nominee for the lender, Defendant had authority to foreclose on the property.[8] Plaintiff's slander of title claim is therefore dismissed.

4. <u>Promissory Estoppel</u>

The elements of a promissory estoppel claim are set out in <u>English v. Fischer</u>, 660 S.W.2d 521, 524 (Tex. 1983). Reliance must

---

[7] Document No. 9, ex. C.

[8] <u>Id.</u>, ex. B at 2.

6

be reasonable, substantial, and detrimental. <u>Ezennia v. Wells Fargo Bank, N.A.</u>, Civ. A. No. H-10-5004, 2012 WL 5499420, at *5 (S.D. Tex. Nov 13, 2012) (Miller, J.) (citing <u>Frost Crushed Stone Co., Inc. v. Odell Geer Const. Co., Inc.</u>, 110 S.W.3d 41, 44-45 (Tex. App.-Waco 2002, no pet.)). "Vague and indefinite statements about future events are insufficient to support a claim for promissory estoppel." <u>Ezennia</u>, 2012 WL 5499420, at *7 (citing cases).

Plaintiff alleges that Defendant breached an "oral contract" with Plaintiff "for application and participation in the Making Homes Affordable program." But Plaintiff alleges no facts describing what it was that Defendant promised to do, or any other facts to support a promissory estoppel claim. Moreover, "[w]hen the statute of frauds applies, promissory estoppel is available only if the alleged oral promise is a promise to sign an existing document that satisfies the statute of frauds." <u>Carrillo v. Bank of America, N.A.</u>, Civ. A. No. H-12-3096, 2013 WL 1558320, at *8 (S.D. Tex. Apr. 11, 2013) (Rosenthal, J.) (citing <u>Bank of Tex., N.A. v. Gaubert</u>, 286 S.W.3d 546, 553 (Tex. App.-Dallas 2009, pet. dism'd)). Plaintiff does not allege that there was any existing agreement prepared for Defendant to sign that would have required Defendant not to foreclose on the home while Plaintiff was pursuing a modification, nor that Defendant promised to sign such an agreement. Moreover, there is no summary judgment evidence to

raise a fact issue on such a claim, and Plaintiff's promissory estoppel claim is therefore dismissed.

   5.   Other Claims

Plaintiff's other claims, for "unreasonable collection," "accounting," and injunctive relief, also fail because of Plaintiff's failure to present summary judgment evidence sufficient to raise even a fact issue. Moreover, Plaintiff alleges no particular complexity to the accounting of her loan, and has presented no evidence as to why an accounting is necessary. Plaintiff's request for temporary and permanent injunctive relief also has no merit in the summary judgment record. Plaintiff's other claims therefore are also dismissed.

C.   Defendant's Request for Attorneys' Fees and Costs

Defendant asks for attorneys' fees and costs it incurred in defending this lawsuit based on Section 7 of the Deed of Trust.[9] Defendant misrepresents Section 7 as providing that "the Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided therein including, but not limited to, reasonable attorneys' fees and costs." In fact, Section 7 does not mention attorneys' fees, nor does Section 2, which is internally referenced in Section 7. *Compare with* In re Velazquez, 660 F.3d 893, 899 (5th

---

[9] Document No. 9 at 18.

8

Cir. 2011) (allowing recovery of attorneys' fees based on provision in the Deed of Trust stating that "Lender's actions can include, but are not limited to . . . paying reasonable attorneys' fees to protect its interest in the Property. . . ."). "Attorney's fees may not be recovered unless provided for by statute or by contract between the parties." <u>Dallas Cent. Appraisal Dist. v. Seven Inv. Co.</u>, 835 S.W.2d 75, 77 (Tex. 1992). Defendant has not shown itself entitled to attorney's fees under the Deed of Trust or any other contractual agreement. Accordingly, its request for attorney's fees is denied.

## II. <u>Order</u>

For the foregoing reasons, it is

ORDERED that Defendant's Motion for Summary Judgment and Motion to Dismiss with Prejudice Pursuant to FRCP 12(b)(6) and 9(b) (Document No. 9) is DENIED with respect to Defendant's request for attorney's fees, but is otherwise in all things GRANTED, and all claims of Plaintiff Cherryll A. Pairis against Defendant Wells Fargo Bank, N.A. are DISMISSED with prejudice.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 27TH day of September, 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE